UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In Re: § <br> § <br> HIGH MESA, INC., *et al.*, § Case No. 20-30602 <br> § (Chapter 7) <br> Debtors. § (Jointly Administered) <br> § <br> § | |

## DECLARATION OF DREW MCMANIGLE IN SUPPORT OF THE APPLICATION TO EMPLOY MACCO RESTRUCTURING GROUP, LLC AS FINANCIAL ADVISOR

I, Drew McManigle, under penalty of perjury, declares as follows:

1. This Declaration is made in support of the Trustee's *Application to Employ MACCO Restructuring Group, LLC as Financial Advisor*.[1]

2. I am familiar with the matters set forth herein and, if called as a witness, I could and would testify as follows. Unless otherwise defined, all terms used in this declaration share the same meaning as those in the Application.

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, information supplied to me by other MACCO professionals or learned from my review of other documents. To the extent any information disclosed here requires amendment or modification as additional information becomes available to MACCO, a supplemental declaration will be submitted.

4. I am the founder and Managing Director of MACCO, a financial advisory services company providing services to middle market companies, which was founded in July 2019. For over twenty-five (25) years, I have provided operational leadership, business turnaround and bankruptcy services. Additionally, I have conducted complex litigation at the Federal, Bankruptcy and State levels,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

including complex worldwide litigation. I have held roles such as chief restructuring officer, interim CEO, operating chapter 11 trustee, assignee and receiver (domestically and internationally) where I provided interim management, leadership and advice to companies in a variety of industries including Oil & Gas, Healthcare, Pharma & Food Manufacturing, Defense Contracting, Consumer Products and Hospitality, among others.

5. Of specific import to these cases, I have first-hand oil and gas experience. Recently, I participated in various roles in several complex oil and gas bankruptcy cases such as Montco Offshore Contractors, LLC, Von Directional Drilling, Saga Petroleum Resources, Plantation Petroleum Corp and Nighthawk Energy PLC, HWD Drilling, LLC and Leader Energy Services, Inc, among others.

6. MACCO specializes in interim management, crisis management, turnaround consulting, operational due diligence, creditor advisory services, and financial and operational restructuring. MACCO's debtor advisory services have included a wide range of activities targeted at stabilizing and improving a company's financial position, including developing or validating forecasts, business plans and related assessments of a business's strategic position; monitoring and managing cash, cash flow and supplier relationships; assessing and recommending cost reduction strategies; and designing and negotiating financial restructuring packages. MACCO's employees have substantial experience in business restructuring and bankruptcy proceedings.

7. In addition, MACCO and I have become familiar with the Debtors' businesses, financial affairs, and capital structure. MACCO provided pre-petition services in assisting the Debtors in this case prepare their petitions and schedules. The firm worked closely with the Debtors' management and other professionals in assisting with the myriad requirements of preparing the companies for their Chapter 7 filings.

8. As of the Petition Date, MACCO was not owed any fees with respect to any invoices issued to the Debtors before the Petition Date.

### DISINTERESTEDNESS

9. Except as set forth herein, the professionals of MACCO do not have any connection with the Debtor, any affiliates, their creditors, any other party in interest, the United States Trustee or any person employed in the office of the same, or any judge in the United States Bankruptcy Court for the Southern District of Texas or any person employed in the offices of the same (however, Drew McManigle has been selected as 1 of 6 Sub-Chapter V Small Business Chapter 11 Trustees for the Southern District of Texas, Houston Division). MACCO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) in that MACCO and its professional personnel:

   (a)   were not creditors, equity security holders, or insiders of the Debtor prior to the Petition Date;

   (b)   are not and were not, within two years before the date of the filing of this case, directors, officers, or employees of the Debtor; and

   (c)   do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor.

10. I have reviewed the Debtors' petitions and schedules in these cases. Based upon my review, at this time, and as set forth in further detail herein, I am not aware of any connection that would present a disqualifying conflict of interest. As a result of that review, I have identified the following specific connections:

   (a)   MACCO is proposed financial advisor to Watson Grinding & Manufacturing, Co., in Case No. 20-30967. Jones Murray & Beatty, LLP serves as general bankruptcy counsel to the debtor in that case. This is not a conflict of interest but is disclosed as a connection under Fed. R. Bankr. P. 2014.

Should I or MACCO discover any new, relevant facts or connections bearing on the matters described herein during the period of MACCO's retention, I will use reasonable efforts to file promptly a supplemental declaration.

11. To the best of my knowledge, and except as provided herein, neither MACCO nor any of its professionals have any materially adverse connection to the Debtors, their creditors, or other relevant parties. MACCO may have relationships with certain of the Debtors' creditors as vendors or in connection with other cases in which MACCO provides or provided services.

12. MACCO has and will continue to work for companies in matters unrelated to these cases. In addition, in matters unrelated to this case, MACCO and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties-in-interest that may be involved in the Debtor's cases.

13. MACCO may also provide professional services to entities or persons that may be creditors or parties-in-interest in these, which services do not directly relate to, or have any direct connection with, these cases or the Debtors.

14. MACCO and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, and financial advisors. Such firms engaged by MACCO or its personnel may appear in cases representing the debtors or parties-in-interest. Any engagements where such firms represent MACCO or its personnel in their individual capacities are unrelated to these cases.

15. Based on the foregoing, I believe that MACCO is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b). Moreover, to the best of my knowledge and belief, neither MACCO nor any of its professionals hold or represent any interest materially adverse to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Dated: March 19, 2020

*[Signature]*
Drew McManigle
Founder & Managing Director
MACCO Restructuring Group, LLC