

February 12, 2020

Christopher R. Murray, Esq.
Chapter 7 Trustee, High Mesa Holdings, LP, et al.
c/o J. Maxwell Beatty, Esq. Counsel to the Chapter 7 Trustee
JONES MURRAY & BEATTY LLP
4119 Montrose, Suite 230
Houston, Texas 77006

Re: High Mesa Holdings, LP, et al.; Chapter 7 Estates Engagement of Financial Advisor

Dear Mr. Murray:

This letter will confirm and set forth the terms of the engagement of MACCO Restructuring Group, LLC, A Delaware Limited Liability Company ("MACCO") as Financial Advisor to Christopher R. Murray, Esq. Chapter 7 Trustee, ("Trustee") of the following debtors in chapter 7 cases pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division: High Mesa, Inc. Case Number 20-30602; Petro Operating Company, LP, Case Number 20-30603; Petro Acquisitions, LP, Case Number, 20-30604; High Mesa Holdings, L.P., Case Number 20-30605; The Meridian Resource and Exploration, LLC, Case Number 20-30606; High Mesa Holdings GP, LLC, Case Number 20-30607; AM Idaho, LLC, Case Number 20-30608; Louisiana Onshore Properties, LLC, Case Number 20-30609; AMH Energy New Mexico, LLC, Case Number 20-30610; AM Michigan, LLC, Case Number 20-30611; Texas Energy Acquisitions, LP, Case Number 20-30612; Cairn Energy USA, LLC, Case Number 20-30613; The Meridian Production, LLC, Case Number 20-30614; High Mesa Services, LLC, Case Number 20-30615; HMS Kingfisher Holdco, LLC, Case Number 20-30616; Alta Mesa Acquisition Sub, LLC, Case Number 20-30619; Alta Mesa Drilling, LLC, Case Number 20-30620; Alta Mesa Energy, LLC, Case Number 20-30621; Alta Mesa GP, LLC, Case Number 20-30622; Aransas Resources, LP, Case Number 20-30623; ARI Development, LLC, Case Number 20-30624; Brayton Management GP II, LLC, Case Number 20-30625; Brayton Resources II, LP, Case Number 20-30626; Brayton Resources, LP, Case Number 20-30627; Buckeye Production Company, LP, Case Number 20-30628; FBB Anadarko, LLC, Case Number 20-30629; Galveston Bay Resources, LP, Case Number 20-30630; LEADS Resources, LLC, Case Number 20-30632; Louisiana Exploration & Acquisition LP, Case Number 20-30634; Navasota Resources Ltd. LLP f/k/a Hilltop Acquisition, LLC, Case Number 20-30635; Nueces Resources, LP, Case Number 20-30637; Sundance Acquisition, LLC, Case Number 20-30638; TEA Energy Services, Case Number 20-30639; The Meridian Resource, LLC, Case Number 20-30640; and, Virginia Oil and Gas, LLC, Case Number 20-30641 (Jointly Administered) (as defined in the "Agreement" referenced below, and collectively referred to as the "Debtors" or the "Estates").

The Trustee for and on behalf of the Debtors are retaining Drew McManigle, Founder and Managing Director ("McManigle") of MACCO to lead and maintain overall responsibility for the engagement. McManigle shall select and assign employees or contractors of MACCO to perform work on behalf of the Trustee and the Estates.

Collectively, the professionals of MACCO will advise, consult, provide financial advisory and related services to assist the Trustee in the efficient administration of the Estates, including advice and strategy related oil & gas operations, assets sales, marketing and related matters related to liquidation of the Estes under Title 11 Chapter 7, of the United States Code (the "Bankruptcy Code").

## I. Scope of Engagement

MACCO will work closely with you, your bankruptcy counsel and other professionals engaged by you on behalf of the Estates to preserve assets, reduce diminution of assets, where possible, and assure adherence to the provisions of the Bankruptcy Code under chapter 7. Examples of services anticipated to be provided by MACCO to the Company include, but are not limited to, the following:

1. Provide accounting, forensic review, financial forecasting and related business advice and strategy required to enable you to efficiently administer the Debtors Estates under chapter 7 bankruptcy;
2. Gather, prepare and review documents, lists and related materials necessary to investigate and quantify the Debtors business affairs and assets;
3. Assist with or prepare weekly 13-week cash flow forecasts, budgets and related financial and business models that can be utilized by the Trustee, his counsel and others to understand the Company's operations, assets, liabilities and liquidity;
4. Review producing and non-producing oil & gas assets, inventory equipment and material to determine its salability and to provide monetization alternatives;
5. Confer with the Trustee and his counsel contracts;
6. Confer and provide advice in asset redeployment, sales, marketing and asset re-deployment or abandonment opportunities as deemed appropriate;
7. Evaluate and make recommendations in connection with strategic alternatives as needed to maximize the value of the assets of the Debtors;
8. Provide oversight and assistance, as directed and authorized by the Trustee or his counsel, in connection with communications and negotiations with creditors of the Estates including trade vendors, investors and other debtor constituents;
9. Review, quantify and validate proofs of claims filed in the Estates;
10. Prepare for, attend and testify, as necessary, at Court hearings; and,
11. Provide any and all other professional services typically provided by a financial advisor as may be requested by the Trustee and his counsel.

## II. Limitations of the Services

Any work performed by MACCO will not result in the issuance of any written or oral communications by MACCO to the Trustee or any third parties expressing any opinion, conclusion, or any other form of assurance with respect to, among other things, accounting policies, financial data, financial statements and related footnotes, appropriate application of generally accepted accounting principles, disclosure, operating or internal controls, compliance

with the rules and regulations of the Securities and Exchange Commission or the Public Company Accounting Oversight Board, compliance with the Sarbanes-Oxley Act of 2002 and related rules and regulations, or any other similar matters.

**Materials Provided**

The Trustee agrees to provide MACCO with such financial and other available information as is reasonably required for MACCO to render the services performed or to be performed hereunder. In providing its services hereunder, MACCO shall be entitled to assume and rely upon the accuracy and completeness of the financial and other information supplied to or otherwise used by it and shall not be obligated to attempt to independently verify, or undertake any obligation to verify, such information; provided that MACCO acknowledges that the Trustee makes no express or implied representation or warranty as to the accuracy or completeness of the financial and other information supplied, and MACCO agrees that the Trustee will have no liability relating to the financial and other information supplied or for any errors therein or omissions therefrom.

The Trustee understands that MACCO's work may include access to the work of the Debtors, other professional advisors or to financial statements or financial information or data reported on by such other professional advisors.  The Trustee agrees that such access is not for the purpose of affirming or evaluating the procedures or professional standards used by such other professional advisors.  In this regard, we call your attention to the possibility that other professional advisors may perform procedures concerning the same information or data, and perhaps the same accounts and records, and reach different observations than MACCO for a variety of reasons, including the possibilities that additional or different information or data might be provided to them that was not provided to MACCO, that they might perform different procedures from MACCO, or that professional judgments concerning, among others, complex, unusual, or poorly documented matters may differ.

MACCO's work will not include any predictions or provide any opinions or other assurances concerning the outcomes of future events, including, without limitation, those that pertain to the operating results of any entity, the achievability of any business plan, the success of any sale or investment, the recovery of any asset, or the ability to maximize the recovery necessary to pay any claim(s) of the Estates.

All decisions about the Debtors and the Debtor's Estates operations and assets, including, but not limited to, the execution of transactions with other entities and/or the establishment of terms for any such transactions, either in or out of any bankruptcy proceeding, remain the sole responsibility of the Trustee.

**Work Product**

Any records of the Debtors obtained by MACCO will be promptly returned to the Trustee at the end of this engagement and will be kept strictly confidential by MACCO while in its custody, control, or possession unless required to be disclosed by the Trustee or the Bankruptcy Court.

### III. Disclosures

The Company shall not disclose any work or analyses of MACCO to any third party without MACCO's prior written consent, which shall not be unreasonably withheld.

**Disclosure of Relationships**

On or about December 31, 2019, MACCO, was engaged by High Mesa Holdings, LP, its affiliates and subsidiaries (the "Company"), with the express approval of the Company's Board of Directors and management leadership for the specific purpose of providing advice, financial advisory and administrative services necessary to prepare the Company for a business wind-down and filing under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), including preparing 35 sets of Statements of Financial Affairs and Schedules for the Company. MACCO does not believe this engagement constitutes a conflict-of-interest in its representation of the Trustee or Estates and in fact, enhances its ability to act expeditiously on behalf of the Trustee due to its knowledge of the Debtors business affairs.

MACCO is engaged by new clients every day. Should any potential conflict come to the attention of MACCO, we will endeavor to resolve such potential conflict and will determine what action needs to be taken in concert with the trustee and his counsel.

**Conflicts**

As stated above, MACCO has does not have a conflict of interest with respect to the Trustee, the Debtors or the Estates.

### IV. Term & Termination

This agreement shall remain in effect until termination of the engagement by either party upon thirty (30) days written notice.

### V. Compensation

MACCO charges the following standard rates for work by employees or contractors of the Firm:

| | |
|---|---|
| Drew McManigle (Engagement Leader) | $550/hr. |
| Managing Directors: | $475/hr. - $550/hr. |
| Directors: | $350/hr. - $500/hr. |
| Senior Financial Analysts: | $350/hr. - $475/hr. |
| Financial Analysts: | $175/hr. – $350/hr. |
| Administrative Staff: | $100/hr. - $200/hr. |

MACCO does not requires a retainer for this engagement.

Invoices reflecting the services of MACCO shall be prepared and submitted to the Trustee monthly and paid upon in accordance with payment of professionals under the Bankruptcy Code or interim fee payment procedures as propounded by the Trustee and approved by the Bankruptcy Court in the Debtor's case(s). Each payment is to be made via wire transfer or other manner as may be acceptable to MACCO.

The Trustee and the Estates shall be responsible for MACCO's reasonable and necessary out-of-pocket costs and expenses incurred by MACCO in connection with the Engagement. These expenses, if any, will be reflected upon MACCO's monthly invoices. MACCO will provide the Trustee with detailed documentation concerning any expense reimbursement.

Professional fee payments of are to be made via wire transfer to:

Bank: Capital One
Name: MACCO Restructuring Group, LLC
Routing: ABA: 111901014
Account Number: 3027089224

MACCO does not requires a retainer for this engagement.

### VI. Amendment and Modification

This letter may not be amended or modified except in writing signed by the parties hereto and shall be governed by and construed in accordance with the State laws of Delaware.

### VII. Headings

The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement or the scope of the Engagement.

### VIII. Authorization

The Trustee represents that this Engagement lies within his capacity and authority under Title 11 U.S.C. Chapter 7.

If you agree to the terms and conditions set forth above, please indicate your acceptance and approval by signing this letter in the space provided below.

We look forward to working with you on these important matters.

**MACCO Restructuring Group, LLC**

Sincerely,

*[signature]*

M. Drew McManigle
Founder and Managing Director

I have read the foregoing and agree to its terms and provisions in their entirety:

_____        _____
Name: Christopher R. Murray            Date
Title: Chapter 7 Trustee
High Mesa Holdings, L.P and
its subsidiaries and affiliates referenced above